UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALFRED SIMMONS | * | CIVIL ACTION NO. 15-3316 |
| | * | |
| VERSUS | * | SECTION: "D"(1) |
| | * | |
| LEHIGH CEMENT COMPANY, LLC, ET AL. | * | JUDGE WENDY B. VITTER |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER

Plaintiff Alfred Simmons attempted to initiate this lawsuit on August 5, 2015, alleging injuries from exposure to hydraulic fluid. When he eventually filed a motion to proceed in forma pauperis, without prepayment of the filing fee, the Court[1] denied the request because he had not submitted a certified copy of his inmate trust account as required for incarcerated plaintiffs by 28 U.S.C. § 1915(a)(2). This order was issued on September 15, 2015. Five months later, he sought reconsideration and presented the court with a print-out showing debits and credits from his trust fund over the preceding year. But no certified statement of his trust fund account as required by the statute was produced. On July 22, 2016, the Court granted the motion for reconsideration, but required that the warden submit a certified statement of Simmons' account. A second order to this effect was issued August 30, 2016. No certified statement of Simmons' account was received.

The Court then received a "return to sender" notification concerning the order(s) that had been sent to Simmons. On October 31, 2016, the Court ordered that it would be futile to pursue the matter because Simmons' whereabouts were unknown. The Court interpreted the return to sender notification as indicating that Simmons was no longer incarcerated at the St. Tammany

---

[1] Former Magistrate Judge Sally Shushan was originally assigned to this matter and handled the in forma pauperis proceedings through July 2016. Beginning in August 2016, the undersigned Magistrate Judge began handling the matter.

1

Parish Jail and noted that the failure to notify the Court of a change in address may be considered cause for dismissal pursuant to the Local Rules.

Nearly six-and-a-half years later in February 2023, Simmons filed the present motion for reconsideration. He states that in January 2023, he sought copies of the court minutes for this case and when he received them, he learned that the case had been closed. He includes a properly completed in forma pauperis application along with a certified statement of account. Simmons is now incarcerated at the Madison Parish Detention Center.

"The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). If filed within the time period required by Rule 59(e), the motion for reconsideration is considered under that rule. See id.; Shimon v. Sewage & Water Bd. of New Orleans, No. CIV.A. 05-1392, 2007 WL 101038, at *1 (E.D. La. Jan. 9, 2007). A Rule 59(e) "motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. Proc. 59(e). Under Rule 60, the motion must be made within a reasonable time—and where the motion is based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, misrepresentation, or misconduct by an opposing party, no more than one year after the judgment or order from which relief is sought. Id. 60(c)(1). Where the judgment is void, the judgment has been satisfied, or "any other reason . . . justifies relief," the additional one year time limit does not apply. Id.

The basis for Simmons' motion appears to be his mistake, inadvertence, or neglect in failing to pursue his lawsuit by any discernible action for over six years. He filed his present motion for reconsideration well after both the 28-day time period imposed by Rule 59 and the one-

2

year time limit required by Rule 60. More than six years have passed. He does not allege that a judgment has been satisfied or is void. He does not present any other reason that justifies relief. In any event, he has not filed his motion within a reasonable time.

Simmons' request for reconsideration is untimely. Accordingly,

IT IS ORDERED that his Motion for Reconsideration (Rec. Doc. 12) is DENIED.

New Orleans, Louisiana, this 15th day of March, 2023.

                          Janis van Meerveld
                    United States Magistrate Judge